# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JOHN DOE                                                    CIVIL ACTION

VERSUS                                                      NO. 14-1980

BROWNGREER PLC ET AL.                                       SECTION "H" (2)

## ORDER AND REASONS

Simultaneously with the filing of his employment discrimination complaint asserting claims under Title VII and the Americans with Disability Act, Record Doc. No. 1 at ¶¶ I, V, plaintiff submitted an "Exparte Motion for Leave to Use a Fictitious Name and for Protective Order." Record Doc. No. 2. In this motion, he seeks to conceal his real name from disclosure in the court's public record because he "is an HIV positive homosexual male with an understandable fear that if his health status is made public, it will negatively affect his life in multiple ways." Id. at p. 1. The only specific concern expressed in plaintiff's motion papers, however, is that he "believes . . . he will have difficulty finding new employment should his HIV status be made public." Record Doc. No. 2-1 at p. 2. The relief requested is that plaintiff "be granted leave to proceed under a pseudonym, or alternatively that the entire matter be sealed." Id. at p. 3.

In support of his request, plaintiff quotes two sentences from a 35-year-old decision of the Fifth Circuit. I find that plaintiff has taken those two sentences out of the overall context of the Fifth Circuit's reasoning and incongruously used the quotation to

argue for exactly the opposite result reached by the Fifth Circuit in the cited case. In

Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d

707 (5th Cir. 1979), the Fifth Circuit stated:

> Neither the Federal Rules of Civil Procedure nor Title VII itself make provision for anonymous plaintiffs. The rules require that ". . . the complaint of the title of the action shall include the names of all the parties," Fed. R. Civ. P. 10(a), and the language of Title VII establishes no exception to the general principle that the identity of the parties to a lawsuit should not be concealed.
>
> Under certain special circumstances, however, courts have allowed plaintiffs to use fictitious names. (W)here the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter. . . . [T]he cases affording plaintiffs anonymity all share several characteristics . . . . The plaintiffs in those actions . . . divulged personal information of the utmost intimacy; many also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct. . . . [P]laintiffs . . . allowed in other cases to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity. While such suits involve no injury to the Government's "reputation," the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. Defendant . . . stand[s] publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.
>
> Plaintiffs argue that disclosure of [their] identities will leave them vulnerable to retaliation from their current employers [and] prospective future employers . . . . [Plaintiffs] face no greater threat of retaliation than the typical plaintiff alleging Title VII violations, including [others similarly situated] who, under their real names and not anonymously, have filed . . . discrimination suits . . . .

Because we find neither an express congressional grant of the right to proceed anonymously nor a compelling need to protect( ) privacy in a very private matter, we hold that these Title VII plaintiffs may <u>not</u> sue under fictitious names . . . .

<u>Id.</u> at 712-13 (quotations, citations and footnotes omitted) (emphasis added).

This court is a public forum. Its record is presumptively a <u>public</u> record, open to view by all, and requests to seal the court's record are <u>not</u> lightly granted or considered.

To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure. Courts recognize a common law right to access judicial records and proceedings, but the right is not absolute. Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better. It follows then that the district court's discretion to seal the record of judicial proceedings is to be exercised charily. Although countervailing interests can outweigh the right of public access, <u>the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption</u>. The decision as to access is left to the discretion of the trial court, but any doubt must be construed in favor of disclosure.

<u>Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.</u>, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005) (Vance, J.) (quotations omitted) (emphasis added) (citing <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 599 (1978); <u>Grove Fresh Distribs., Inc. v. Everfresh Juice Co.</u>, 24 F.3d 893, 897 (7th Cir. 1994); <u>Leucadia, Inc. v. Applied Extrusion Techs., Inc.</u>, 998 F.2d 157, 165 (3d Cir. 1993); <u>Sec. & Exchg. Comm'n v. Van Waeyenberghe</u>, 990 F.2d 845, 848-49 (5th Cir. 1993); <u>Bahwell v. Stanley-Bostitch, Inc.</u>, No. 00-0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002);

<u>Marcus v. St. Tammany Parish Sch. Bd.</u>, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)).

Weighing these factors in the instant case militates against permitting this plaintiff to proceed anonymously. Although sexual preference is certainly a personal matter and homosexuality is one of the "matters of a sensitive . . . nature" identified in the above-cited Fifth Circuit opinion, public opinion about both homosexuality and HIV positive status has become more diverse and accepting during the 35 years since that decision. Certainly, only the seriously uninformed today act under the erroneous impression that HIV transmission might occur in ordinary workplace activity. <u>See</u> <u>Stedmans Medical Dictionary</u>, Westlaw at STEDMANS 10860 (27th ed. 2000) (HIV is transmitted only through the intimate exchange of cell-rich body fluids, not through ordinary contact). Other plaintiffs asserting claims in civil actions in which their sexual preference is an issue have done so publicly and in their real names. <u>See, e.g.</u>, <u>Robicheaux et al. v. Caldwell et al.</u>, C.A. Nos. 13-5090 c/w 14-97 c/w 14-27 (E.D. La., Section "F").

The plaintiff in the instant case is not challenging the validity of any governmental activity and will not have to admit violation of any laws or governmental regulations in pursuing these claims. He is not a child or incompetent person requiring extraordinary protection. Defendants – whose names have already been published in the court's record – have been the subject of public accusations by plaintiff that may do damage to their

good names, reputation and economic standing.  The legal bases for the Title VII and ADA claims asserted by plaintiff are subject to debate.  As to Title VII claims, <u>see</u> <u>Robicheaux v. Caldwell</u>, Nos. 13-5090, 14-97, 14-327, 2014 WL 4347099, at *4 (E.D. La. Sept. 3, 2014) (Feldman, J.) (citing <u>United States v. Windsor</u>, 133 S. Ct. 2675 (2013); <u>Romer v. Evans</u>, 517 U.S. 620 (1996); <u>Johnson v. Johnson</u>, 385 F.3d 503 (5th Cir. 2004)) ("[N]either the Supreme Court nor the Fifth Circuit has ever before defined sexual orientation as a protected class, despite opportunities to do so."); as to ADA claims, <u>compare</u> <u>St. John v. NCI Bldg. Sys., Inc.</u>, 537 F. Supp. 2d 848, 861-62 (S.D. Tex.), <u>aff'd</u>, 299 F. App'x 308 (5th Cir. 2008) (HIV is not a <u>per se</u> disability under the ADA and an HIV positive plaintiff "must demonstrate that he suffers from an impairment that 'substantially limited' him in a 'major life activity.'"), <u>with</u> <u>Horgan v. Simmons</u>, 704 F. Supp. 2d 814, 819 (N.D. Ill. 2010) (finding it "certainly plausible – particularly, under the amended ADA" of 2008 that HIV positive status may qualify as a substantial limitation of a major life activity, specifically, immune system function).  The public interest in and level of debate over these kinds of topics appears high.

Under these circumstances, I find that this plaintiff will "face no greater threat of retaliation than the typical plaintiff[s] alleging Title VII violations . . . under their real names and not anonymously," <u>S. Methodist Univ. Ass'n of Women Law Students</u>, 599 F.2d at 713, and that plaintiff's concerns about possible future harm are outweighed both

by the public's interest in open judicial proceedings and, as the Fifth Circuit has noted, "[b]asic fairness," which dictates that persons who make these kinds of accusations against named defendants "must do so under their real names." Id. For the foregoing reasons, plaintiff's motion for leave to proceed under a fictitious name or, alternatively, to seal the entire record of this case is DENIED.

New Orleans, Louisiana, this _____5th_____ day of September, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE