UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROMERICUS STEWART | CIVIL ACTION |
| VERSES | NO: 14-1980 |
| BROWNGREER PLC ET AL | SECTION: "H"(2) |

ORDER AND REASONS

Before the Court is Defendant Robert Half International Inc.'s ("RHI") Motion for Summary Judgment (Doc. 40). For the following reasons, the Motion is GRANTED.

BACKGROUND

Plaintiff Romericus Stewart brings this action pursuant to Title VII of the Civil Rights Act of 1964. Defendant BrownGreer contracted with Defendant RHI to provide individuals who would work on a "temp to perm" basis. Under this arrangement, RHI would provide individuals to BrownGreer on a temporary basis with the possibility that the position would lead to long-term employment with BrownGreer. Plaintiff was placed with

1

Defendant BrownGreer as part of this program. While his wages were paid by RHI, Defendant BrownGreer assumed day-to-day managerial authority over Plaintiff's work. While working at BrownGreer, Plaintiff claims he was wrongfully subject to harassment and denied a permanent position due to his status as an HIV-positive, African-American gay male. He further alleges that Defendants retaliated against him when he brought the harassment to the attention of his supervisors at BrownGreer.

Defendant RHI filed the instant Motion for Summary Judgment. Plaintiff has not opposed this motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ARGUMENT

Though Plaintiff has not filed an opposition, the Court may not simply grant the motion as unopposed.  The Fifth Circuit approaches the

---

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

automatic grant of dispositive motions with considerable aversion.[9] Accordingly, this Court has considered the merits of Defendants' motion.

Defendant RHI argues that it is entitled to summary judgment because it was not Plaintiff's employer for Title VII purposes. In making this determination, the Court applies the following test:

> Determining whether a defendant is an "employer" under Title VII involves a two-step process. First, the court must determine whether the defendant falls within Title VII's statutory definition of an "employer." Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees[,] . . . and any agent of such a person . . . ." If the defendant meets this definition, the court must then analyze whether an employment relationship exists between the plaintiff and the defendant.
> To determine whether an employment relationship exists within the meaning of Title VII, "we apply a 'hybrid economic realities/common law control test.'" The most important component of this test is "[t]he right to control [the] employee's conduct." "When examining the control component, we have focused on whether the alleged employer has the right" to hire, fire, supervise, and set the work schedule of the employee. . . . The economic realities component of the test focuses on "whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment."[10]

---

[9] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[10] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007) (internal citations omitted) (summarizing the test set out in *Deal v. State Farm Cnt. Mut. Ins. Co.,* 5 F.3d 117 (5th Cir. 1993)).

In *Johnson v. Manpower Professional Services, Inc.*,[11] the court applied the foregoing test to a situation similar to the case at bar. There, the plaintiff obtained his position for employer Air Liquide through a staffing company, Manpower Professional Services.[12] While Manpower handled administrative and payroll issues, Air Liquide decided which recruits to hire and supervised them once hired.[13] The court found, based on the hybrid economic realities/common law control test, that the staffing company was not the plaintiff's employer for Title VII purposes.[14] The court noted that though the economic factors pointed strongly toward the staffing company, the overriding right-to-control factors pointed toward a finding that, for Title VII purposes, Air Liquide was the employer.[15]

RHI does not dispute that it meets the statutory definition of an "employer" under Title VII. It argues, however, that the right-to-control factors militate against a finding of an employment relationship for Title VII purposes. This Court agrees. Though RHI paid Plaintiff's wages, it did not maintain control over his hours of work and job assignments.[16] RHI did not have management on site at BrownGreer.[17] Indeed, Plaintiff worked exclusively under the direction of BrownGreer's management team.[18]

---

[11] 442 Fed. Appx. 977, 982 (5th Cir. 2011).
[12] *Id.* at 979.
[13] *Id.* at 982.
[14] *Id.*
[15] *Id.*
[16] Doc. 40-2, ¶ 7.
[17] Doc. 40-2, ¶ 6.
[18] Doc. 40-2, ¶ 6.

5

Importantly, BrownGreer had exclusive control over whether Plaintiff would be offered a permanent position.[19]  As in *Johnson,* the right to control factors point strongly toward a finding that RHI was not Plaintiff's employer for Title VII purposes.  A party must be an employer to be liable under Title VII.  The Court must, therefore, grant summary judgment in Defendant RHI's favor.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment (Doc. 40) is GRANTED.  Plaintiff's claims against Defendant RHI are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 19th day of October, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] Doc. 40-2, ¶ 11.