UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ROMERICUS STEWART                                     CIVIL ACTION

VERSES                                                NO: 14-1980

BROWNGREER PLC ET AL                                  SECTION: "H"(2)


### ORDER AND REASONS

Before the Court is Defendant BrownGreer's Motion for Summary Judgment (Doc. 36). The Court previously granted this Motion orally during a telephone status conference (Doc. 53). These reasons follow.


### BACKGROUND

Plaintiff Romericus Stewart brings this action pursuant to Title VII of the Civil Rights Act of 1964. Defendant BrownGreer contracted with Defendant RHI to provide individuals who would work on a "temp to perm" basis. Under this arrangement, RHI would provide individuals to BrownGreer on a temporary basis with the possibility that the position would

1

lead to long-term employment with BrownGreer. Plaintiff was placed with Defendant BrownGreer as part of this program. BrownGreer is responsible for assisting in the administration of claims due to the Deepwater Horizon Economic and Property Damages Settlement. At the end of the "temp-to-perm" arrangement, Plaintiff was not offered a permanent position with BrownGreer.

Plaintiff was originally placed in a data entry position. After several weeks he was transferred to the call center. His job assignments included fielding calls from claimants and their attorneys according the protocols set forth by BrownGreer and this Court. While working in the call center, Plaintiff claims he was wrongfully subject to harassment and denied a permanent position due to his status as an HIV-positive, African-American gay male.

He alleges that Defendants retaliated against him when he brought the harassment to the attention of his supervisors at BrownGreer by declining to hire him full time at the end of the "temp to perm" arrangement. He brings Title VII claims for hostile work environment and retaliatory discharge.

Defendant BrownGreer filed the instant Motion for Summary Judgment. Plaintiff opposed this motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ARGUMENT

Defendant BrownGreer filed the instant motion asking the Court for summary judgment in its favor. It argues that Plaintiff has not made out a prima facie case on either his hostile work environment claim or his retaliatory discharge claim. The Court will address each claim separately.

**I. Hostile Work Environment**

To establish a hostile work environment claim under Title VII, a plaintiff must show all of the following: (1) that he belongs to a protected class; (2) that he was subjected to unwelcome harassment; (3) that the harassment was based on the protected class; (4) that the harassment was sufficiently severe or pervasive as to affect a term condition, or privilege of employment; and (5) the employer knew of the harassment and failed to take prompt remedial action.[9]

To create a hostile work environment, harassment must be "severe and pervasive," involving "patterns or allegations of extensive, longlasting, unredressed, and uninhibited . . . threats or conduct that permeate[] the

---

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] *Woods v. Delta Beverage Group, Inc.,* 274 F.3d 295, 298 (5th Cir.2001).

plaintiffs' work environment."[10]  "To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so."[11]  "In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"[12]

Defendant argues that the complained-of conduct is not sufficiently severe or pervasive so as to give rise to a Title VII harassment claim.  Though Plaintiff has filed an opposition to this motion, he fails to address this key argument.  Even viewing the evidence in the light most favorable to the Plaintiff, the complained-of conduct does not meet the high standard of pervasiveness required to give rise to Title VII liability for hostile work environment.

Plaintiff claims harassment due to his sexual orientation, his race, and his disability, in that he is HIV positive.  Specifically, Plaintiff complained of harassment by three coworkers—Randall Howard, Courtney Payne, and

---

[10] *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 264 (5th Cir. 1999).

[11] *Shepherd v. Comptroller of Pub. Accounts of State of Texas*, 168 F.3d 871, 874 (5th Cir. 1999).

[12] *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quoting *Walter v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000).

David Mohrmann.[13] He alleges that Howard would speak in a high pitched voice and use a hand wave, allegedly mocking Plaintiff's sexual orientation.[14] Plaintiff also states that Howard made anti-gay, socioeconomic and religious comments, including "Some people will not get health insurance no matter what," "Some groups of people stink," and "everyone knows that Martin Luther King Street runs through 'bad' neighborhoods in almost every city in America."[15] Payne allegedly responded to Howard's statement that some people stink by stating "yes, especially fat people.[16] Plaintiff states that he considered the word "fat" to be a code word for "gay." Additionally, Plaintiff asserts that he overheard Howard ask Mohrmann "Where is your bra?," which he asserts was a statement directed at him.[17] Plaintiff did not identify any specific statements by Mohrmann, merely indicating that he was "extremely nasty" to Plaintiff over his time of employment.[18] The Court will address each of these allegations in turn.

### A. Gender/Sexual Orientation

Plaintiff relies on two actions in support of his claim of harassment based on sexual orientation. He points to co-worker comments that "some groups of people stink," and "yes especially fat people." He also alleges that Howard's comments in a high pitch voice coupled with a hand wave

---

[13] Doc. 36-13.
[14] Doc. 36-4.
[15] Doc. 36-13.
[16] Doc. 36-13.
[17] Doc. 36-13.
[18] Doc. 36-4.

6

contributed to the harassment. Even assuming, without deciding, that Plaintiff's sexual orientation is a protected class, periodic incidents of talking in a high pitched voice and the isolated comments identified by the Plaintiff are insufficiently severe and pervasive to make out the required prima facie showing of harassment. Additionally, there is no evidence to support Plaintiff's assertion that the references to "fat people" are in fact coded references to sexual orientation. The Court finds that this conduct is not "physically threatening or humiliating," and would not unreasonably interfere with the work environment of a reasonable person.

### B. Race

In support of his racial discrimination claim, Plaintiff directs the court to one comment. He alleges that the comment that "Martin Luther King Street always runs through a bad neighborhood" constitutes harassment based on race. This one-time statement, apparently not even directed at Plaintiff, is insufficient to meet the "severe and pervasive" standard. Indeed, courts have declined to impose Title VII liability where the complained-of conduct was significantly more severe than in the case at bar.[19] This isolated comment is insufficient as a matter of law to give rise to a hostile work environment claim.

---

[19] *See, e.g., Fortenberry v. Texas*, 75 Fed. Appx. 924, 928 (5th Cir. 2003) (finding no Title VII liability where there were two incidents of racial slurs directed at the plaintiff); *Lindsey v. Chevron USA Inc.,* 51 F. App'x 929 (5th Cir. 2002) (finding no Title VII liability where supervisors used racial epithets in employee's presence and management allowed employees to hang Confederate flags).

### C. Disability

Plaintiff asserts that the comment "some people will not get health insurance no matter what" is an insinuation that he has AIDS. Plaintiff has not pointed to evidence in support of this contention. Furthermore, like the other comments, this isolated incident is insufficient to give rise to Title VII liability.

### II. Retaliatory Discharge

Plaintiff also alleges that he was retaliated against after he filed his complaint with human resources. To make a prima facie showing of a retaliation claim, a plaintiff must demonstrate that (1) he engaged in protected activity (2) he suffered a materially adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action.[20] "If the employee establishes a prima facie case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision. After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation."[21]

The evidence on the record in this case demonstrates that Plaintiff cannot establish a prima facie showing for a retaliation claim, as he has not engaged in protected activity. "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to

---

[20] *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007).
[21] *LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 388-89 (5th Cir. 2007) (internal citations omitted).

discriminatory changes in the terms and conditions of employment."[22] Indeed, as indicated above, no reasonable person could think that the comments reported by Plaintiff would amount to Title VII discrimination. They were each isolated occurrences, and most were not directed at Plaintiff. Additionally, Plaintiff has gone through great pains to read discriminatory animus into many of these comments without providing any evidence other than his own testimony to support these claims. Accordingly, Plaintiff has not made out a prima facie showing of retaliation, and the Court need not consider whether BrownGreer had a legitimate, non-retaliatory reason for its decision not to offer him a full time position.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment (Doc. 36) is GRANTED. Plaintiff's claims against Defendant BrownGreer are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 30thth day of October, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[22] *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).